710 A.2d 44

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Freeman MAY, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 11, 1997.

Decided April 2, 1998.

Timothy Sheffy, Joseph Farrell, for Freeman May.

Bradford H. Charles, Lebanon, for Com.

Robert A. Graci, Harrisburg, for Com., Office of Atty. Gen.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## *OPINION*

CASTILLE, Justice.

In March of 1991, a jury found appellant guilty of first-degree murder[1] and sentenced him to death in connection with the 1982 murder of the victim, Kathy Fair. On April 4, 1995, this Court upheld the conviction but reversed the death sentence and remanded for a new sentencing hearing.[2] On December 5, 1995, a second sentencing hearing was conducted. The new sentencing jury found one aggravating circumstance (a significant history of felony convictions involving the use or threat of violence to the person),[3] and no mitigating circumstances, and again set the penalty at death as required by

1. 18 Pa.C.S. § 2502(a).

2. *Commonwealth v. May*, 540 Pa. 237, 656 A.2d 1335 (1995) (Castille, J., dissenting). This Court vacated the sentence on the ground that the aggravating circumstance found by the jury, that appellant committed murder during the commission of the felony of rape, was invalid because the jury had not been instructed on the elements of rape.

3. 42 Pa.C.S. § 9711(d)(9).

law.[4]   On September 19, 1996, the trial court denied appellant's post-trial motions.   This direct appeal followed.   For the reasons expressed herein, we affirm the judgment of sentence imposed by the Court of Common Pleas of Lebanon County.

■   In all cases where the death penalty has been imposed, this Court is required to conduct a review of the sufficiency of the evidence.   *Commonwealth v. Zettlemoyer*, 500 Pa. 16, 26, 454 A.2d 937, 942 (1982), cert. denied, 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983), reh'g denied, 463 U.S. 1236, 104 S.Ct. 31, 77 L.Ed.2d 1452 (1983).   On direct appeal following the imposition of appellant's first death sentence, this Court determined that appellant's conviction for first-degree murder was supported by sufficient evidence. *May*, 540 Pa. at 247, 656 A.2d at 1339.   The record demonstrated that appellant murdered the victim by stabbing her multiple times with a short, single-edged knife, and buried her under leaves and brush in an isolated location in the countryside.   Accordingly, because this Court vacated only the sentence and not the conviction, we need not re-address the issue of sufficiency of the evidence.

■   The first issue raised by appellant arises from a discussion held in chambers regarding the nature and extent of a "life without parole" jury instruction.   Prior to the commencement of the second sentencing hearing, appellant filed a motion requesting a jury instruction that a sentence of life imprisonment means incarceration for the remainder of the defendant's natural life without the possibility of parole.   The trial court granted appellant's motion conditioned upon the Commonwealth's raising the issue of appellant's future dangerousness.   In its opinion issued November 30, 1995, the trial court concluded that if it were to issue the instruction, the Commonwealth could request an instruction that the Governor of Pennsylvania may pardon a prisoner or commute a life sentence.

**4.**   42 Pa.C.S. § 9711(c)(1)(iv) requires the jury to sentence a defendant to death if it unanimously finds at least one aggravating circumstance and no mitigating circumstances.

A lengthy discussion about the jury instruction took place in chambers on December 6, 1995. The Commonwealth indicated that it would not raise future dangerousness, and requested the judge to instruct the jury with respect to commutation and pardon if any instruction was given that life imprisonment means no possibility of parole. Ultimately, the court concluded:

Well, what I am going to tell them is that life imprisonment in Pennsylvania means life imprisonment without eligibility for parole. I would also be telling them that in Pennsylvania, a defendant may be eligible for a pardon issued by a Governor or a commutation of his sentence granted by the Governor after recommendation of the Pennsylvania Board of Probation and Parole.

(N.T. 622–623). Appellant's counsel objected to the court's mentioning the possibility of commutation or pardon, and further indicated that a life imprisonment without parole instruction would not be requested under the circumstances.

Appellant now contends that his second death sentence should be vacated. He asserts that under the United States Supreme Court's holding in *Simmons v. South Carolina*, 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994), he was entitled to have the jury instructed that in Pennsylvania, a life sentence means incarceration for life without possibility of parole. He further asserts that it was error for the court to agree to include the additional instruction that the Governor of Pennsylvania could pardon or commute the life sentence of any prisoner. An examination of *Simmons* and its progeny reveals that appellant's claims are devoid of merit.

In *Simmons*, the defendant was convicted of the murder of an elderly woman. During closing arguments at the penalty phase, the prosecution argued that in fixing the defendant's punishment, the jury should consider his future dangerousness. The defendant's counsel asked the court to instruct the jury that, under South Carolina law, a sentence of life imprisonment did not carry any possibility of parole. The trial court refused to grant the requested instruction, and the defendant was sentenced to death.

The Supreme Court reversed, ruling that the defendant had been denied due process of law. The Court reasoned that the jury reasonably may have believed that the defendant could be released on parole if he were not executed, thereby creating a false choice between sentencing the defendant to death and sentencing him to a limited period of incarceration. The Court held that where the defendant's future dangerousness is at issue, and state law prohibits the defendant's release on parole, due process requires that the sentencing jury be informed that the defendant is parole ineligible. 512 U.S. at 155, 114 S.Ct. at 2189.

This Court considered the proper scope of *Simmons* in *Commonwealth v. Speight,* 544 Pa. 451, 677 A.2d 317 (1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 967, 136 L.Ed.2d 852 (1997). There, the defendant argued that his trial counsel had been ineffective for failing to request a jury instruction that a life sentence means that he must spend his natural life in prison without the possibility of parole after the jury had asked the trial court for the definition of a life sentence. We held that under *Simmons,* a jury must be informed that life means life without the possibility of parole only when the prosecutor injects concerns of the defendant's future dangerousness into the case. In *Speight,* the prosecutor had not made the defendant's future dangerousness an issue; therefore, no *Simmons* instruction was required.

Here, appellant reasons that by raising the aggravating circumstance of a significant history of felony convictions involving the use or threat of violence to the person, the Commonwealth injected the issue of his future dangerousness into the sentencing hearing. This claim is meritless. The Commonwealth did not argue to the jury that appellant would be dangerous in the future. Rather, the prosecutor specifically stated in chambers that he would not be arguing appellant's future dangerousness to the jury and he made no mention of it in his closing argument. The aggravating circumstance of appellant's prior record for violent felonies addressed only appellant's past conduct, not his future dangerousness.

In *Commonwealth v. Simmons,* 541 Pa. 211, 662 A.2d 621 (1995) *cert. denied,* 516 U.S. 1128, 116 S.Ct. 945, 133 L.Ed.2d 870 (1996), we affirmed the death penalty convictions of the defendant where one of the aggravating circumstances was that the defendant had been convicted of other felonies involving the threat or use of force. During the penalty phase, evidence was admitted that the defendant had pleaded guilty to aggravated assault and robbery in the past. We held that no *Simmons* instruction was required because the issue of future dangerousness had not been raised. 541 Pa. at 250 n. 15, 662 A.2d at 640 n. 15. Thus, the aggravating circumstance raised by the Commonwealth in the instant matter did not inject the issue of appellant's future dangerousness into the penalty phase.

Appellant asserts that the trial court's proposed *Simmons* instruction was not truthful because it is the Board of Pardons which has the authority to make recommendations to the Governor, and not the Pennsylvania Board of Probation and Parole. Initially, we note that it was not error for the trial court to indicate that it would allow an instruction that while a life sentence did not allow for the possibility of parole, there was the possibility that the governor would commute appellant's sentence. *See Commonwealth v. Marrero,* 546 Pa. 596, 687 A.2d 1102 (1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 434, 139 L.Ed.2d 334 (1997) (holding that prosecutor's explaining the commutation process to the jury during closing arguments was a fair response to defense counsel's anticipated argument that a life sentence meant that appellant would spend the rest of his life in prison). While the trial court incorrectly phrased its proposed instruction to indicate that the Pennsylvania Board of Probation and Parole could make a recommendation of clemency instead of the Board of Pardons, this error was harmless. First, as discussed *supra,* appellant was not entitled to a *Simmons* instruction, and the erroneous instruction was not given to the jury. Further, at the conference in chambers, appellant's counsel's limited the scope of his objection to the proposed instruction to the court's giving notice about commutation. (N.T. 619, 625). Appellant's coun-

sel did not object on the basis that the court's proposed instruction was untruthful. The Commonwealth and the court mentioned several times throughout the conference that the governor could commute a sentence at the recommendation of the Pennsylvania Board of Probation and Parole, and appellant's counsel did not object or seize the opportunity to correct their mistakes. See N.T. 612, 620. Additionally, the transcript of the conference reveals that it was the mere mention of the possibility of commutation, and not the court's misstating which agency may recommend commutation, that gave rise to counsel's decision not to seek a *Simmons* instruction. See N.T. at 606–26. Accordingly, the trial court's unintentional error in its proposed instruction is of no consequence and does not entitle appellant to a new penalty hearing.

Finally, pursuant to 42 Pa.C.S. § 9711(h)(3), this Court has an duty to affirm the sentence of death unless we determine that:

(i) the sentence of death was the product of passion, prejudice or any other arbitrary factor;

(ii) the evidence fails to support the findings of at least one aggravating circumstance specified in subsection (d); or

(iii) the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the circumstances of the crime and the character and record of the defendant.

■ After reviewing the record below, we conclude that the sentence imposed was not the product of passion, prejudice or any other arbitrary factor. In addition, we further find that the evidence was sufficient to establish the aggravating factor found by the jury that appellant had a significant history of felony convictions involving violence. The parties stipulated that appellant had been previously convicted of two counts of criminal attempt to commit homicide, aggravated assault, and rape in connection with the stabbings of two teenage girls and the rape of one of them in the same wooded area where the victim's body was found.

■ Moreover, in accordance with *Commonwealth v. Zettlemoyer,* 500 Pa. 16, 26, 454 A.2d 937, 942 (1982), *cert. denied,* 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983), *reh'g denied,* 463 U.S. 1236, 104 S.Ct. 31, 77 L.Ed.2d 1452 (1983), we must conduct a proportionality review as to appellant's sentence of death.[5] Here, since the jury found one aggravating circumstance and no mitigating circumstances, the jury was statutorily required to impose a sentence of death. 42 Pa.C.S. § 9711(c)(1)(iv). Since the sentence of death was mandatory, we have conducted an independent review of similar cases in which the sentence of death was made mandatory by the finding of at least one aggravating factor and no mitigating circumstances and conclude that the sentence of death imposed upon appellant is not disproportionate to the sentences imposed in similar cases. *See Commonwealth v. Howard,* 538 Pa. 86, 645 A.2d 1300 (1994); *Commonwealth v. Murphy,* 540 Pa. 318, 657 A.2d 927 (1995); *Commonwealth v. Williams,* 541 Pa. 85, 660 A.2d 1316 (1995), *cert. denied,* 516 U.S. 1051, 116 S.Ct. 717, 133 L.Ed.2d 671 (1996).

Accordingly, we affirm the sentence of death imposed upon appellant, Freeman May, by the Court of Common Pleas of Lebanon County.[6]

ZAPPALA and NIGRO, JJ., file concurring opinions.

ZAPPALA, Justice, concurring.

I concur in the result for the reasons set forth in my concurring opinion in *Commonwealth v. Clark,* 551 Pa. 258, 710 A.2d 31 (Pa. 1998).

5. Effective June 25, 1997, the General Assembly repealed 42 Pa.C.S. § 9711(3)(h)(iii), pursuant to which this review was required. However, we continue to review for proportionality all cases on direct appeal in which the sentence of death was imposed prior to that date. *See Commonwealth v. Gribble,* 550 Pa. 62, 703 A.2d 426 (1997) (Act 28 does not apply retroactively).

6. Within ninety (90) days of the date that the sentence of death is upheld by this Court, the Prothonotary of this Court is directed to transmit to the governor's office the full and complete record of the trial, sentencing hearing, imposition of sentence and review by the Supreme Court pursuant to 42 Pa.C.S. § 9711(i).

NIGRO, Justice, concurring.

I concur in the result for the reasons set forth in my concurring opinion in *Commonwealth v. Clark*, —— Pa. ——, 710 A.2d 31 (Pa. 1998), asserting that a jury charge pursuant to *Simmons v. South Carolina*, 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994), should be mandated regardless of whether counsel raises the issue of a defendant's potential future dangerousness during the penalty phase.