**[J-78-2017] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 730 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated July 22, |
| | : | 2016 in the Court of Common Pleas, |
| | : | Philadelphia County, Criminal Division |
| v. | : | at No. CP-51-CR-0902431-1996. |
| | : | |
| | : | SUBMITTED:  September 29, 2017 |
| WILLIAM RIVERA, | : | |
| | : | |
| Appellant | : | |

**CONCURRING OPINION**

**JUSTICE WECHT**                                          **DECIDED:  December 28, 2018**

I join the Opinion of the learned Majority, save only for Part III, which concerns William Rivera's assertion of ineffectiveness for his counsel's failure to request a jury instruction pursuant to *Simmons v. South Carolina*, 512 U.S. 154 (1994).[1]  With respect to Part III, I concur only in the result.  I depart from the Majority insofar as I find arguable merit in Rivera's claim that counsel should have requested a *Simmons* instruction. However, I would find that Rivera is unable to establish prejudice, and therefore is not entitled to relief.  *See generally Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

---

[1]      *Simmons* was a plurality decision, with the lead opinion authored by Justice Blackmun and joined by Justices Souter, Stevens, and Ginsburg.  Justice O'Connor authored the decisive opinion concurring in the result, which Chief Justice Rehnquist and Justice Kennedy joined.  The *Simmons* plurality's holding has been reaffirmed in several subsequent decisions of the Supreme Court of the United States.  *See Kelly v. South Carolina*, 534 U.S. 246 (2002); *Shafer v. South Carolina*, 532 U.S. 36 (2001).

*Simmons* stands for the proposition that, where the only options in a capital sentencing proceeding are death or imprisonment for life without the possibility of parole, and where a prosecutor places the defendant's "future dangerousness" at issue, the defendant has a due process right to require that the sentencing jury be informed that he would be ineligible for parole if sentenced to life in prison. *Simmons*, 512 U.S. at 156. The core principle of *Simmons* is that the jurors should not be permitted to render a verdict under the false impression that, should they decline to impose the death penalty, the defendant someday may be released on parole. Under *Simmons*, a defendant's right to the instruction can be triggered where the prosecution raises "the specter of [the defendant's] future dangerousness generally," or advances "generalized arguments regarding the defendant's future dangerousness." *Id.* at 165, 171. This Court, however, has held that a "trial court is not required to issue the instruction based upon references to a defendant's past violent acts alone." *Commonwealth v. King*, 721 A.2d 763, 779 (Pa. 1998) (citing *Commonwealth v. May*, 710 A.2d 44, 47 (Pa. 1998)).

In the instant case, the challenged portion of the Commonwealth's closing presentation occurred within the context of its argument in favor of the statutory aggravating factor of a significant history of violent felony convictions. *See* 42 Pa.C.S. § 9711(d)(9). Comparing the instant murder to Rivera's previous criminal conduct, the prosecutor stated that, "the older he gets, the bolder he gets." Majority Opinion at 23 (quoting Notes of Testimony, 2/5/1998, at 57). In my view, this statement suggested to the jury (perhaps unwittingly) that Rivera's character was such that, should he continue to grow older—as in, by not being executed—he would continue to grow "bolder." Because this statement went beyond mere discussion of Rivera's criminal history and extended to his generalized or growing propensity for violence, it arguably implicated Rivera's tendency to endanger other individuals in the future. Therefore, I would conclude

that Rivera's underlying claim has arguable merit for purposes of his ineffectiveness challenge.

Nonetheless, I would find that, given the balance of the evidence presented, Rivera failed to establish a reasonable probability that the result of the proceeding would have been different had his counsel requested a *Simmons* instruction, and he therefore is unable to demonstrate prejudice. *See, e.g., Commonwealth v. VanDivner*, 178 A.3d 108, 114 (Pa. 2018) (an ineffectiveness claimant must establish "prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different"). I would deny relief upon that basis.

That being said, I believe that a few words on *Simmons* generally are in order. With regard to the circumstances necessitating the *Simmons* instruction, I believe that our courts should apply a liberal construction to the concept of future dangerousness, and should err on the side of accurately informing juries in capital cases of the true consequences of their sentencing decision. A capital defendant's ineligibility for parole is "information so crucial to [the jury's] sentencing determination, particularly when the prosecution alluded to the defendant's future dangerousness in its argument to the jury," that obscuring that information "cannot be reconciled with [the Supreme Court of the United States'] well-established precedents interpreting the Due Process Clause." *Simmons*, 512 U.S. at 164.

To this end, I note that numerous Justices of this Court have taken the position that a *Simmons* charge should be provided to the jury in every capital case, either because the process of sentencing a capital defendant inherently implicates that defendant's future dangerousness, or simply because there is no benefit to the jury being ill-informed as to the consequences of its decision. *See, e.g., Commonwealth v. Carson,*

913 A.2d 220, 287-88 (Pa. 2006) (Baldwin, J., concurring, joined by Baer, J.) (*Simmons* instruction "should be mandated in every capital case" and there is "no reason to hide the fact that life imprisonment . . . means life without parole"); *Commonwealth v. Robinson*, 721 A.2d 344, 356 (Pa. 1998) (Flaherty, C.J., dissenting) ("I would mandate a *Simmons* instruction . . . in every death penalty case."); *id.* (Zappala, J., concurring, joined by Nigro, J.) (*Simmons* instruction "would be appropriate in all capital cases"); *id.* (Nigro, J., concurring) (a "standard *Simmons* instruction should be given in all capital cases"); *Commonwealth v. Clark*, 710 A.2d 31, 43 (Pa. 1998) (Nigro, J., concurring, joined by Flaherty, C.J.) ("I would suggest that the better practice and policy is to require trial courts to give a *Simmons* instruction in all death penalty proceedings, regardless of whether counsel raises the issue of a defendant's potential future dangerousness during the penalty phase."). I find considerable appeal to this perspective, and I believe the law could benefit from the Court's consideration on a developed record of some future challenge advocating for such an approach, particularly one sounding in the due process protections of the Pennsylvania Constitution.

In all other respects, I join the Majority's well-reasoned Opinion.

Justice Todd joins this concurring opinion.